IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHAEL S. LYNCH, )
)
              Plaintiff, )
)
v. ) No. CIV 12-356-RAW-SPS
)
JEFFREY C. SMITH and )
LEFLORE COUNTY, )
)
              Defendants. )

**OPINION AND ORDER**

    This action is before the court on Defendant Jeffrey Smith's motion to dismiss (Docket No. 13) and the court's own motion to dismiss this action pursuant to 28 U.S.C. § 1915A. Plaintiff has not responded to Defendant Smith's motion or shown cause why the motion should not be granted, as directed by the court (Docket No. 14).

    Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, while incarcerated as a pretrial detainee in the LeFlore County Jail in Poteau, Oklahoma. He alleges that pursuant to a drug bust at a motel, the $4,701.00 found in his wallet was improperly seized. He also claims he was falsely arrested, because no drugs or paraphernalia were found on his person. He asks the court to have his pending charges of trafficking illegal drugs dropped and to return his money.

    Defendant Jeffrey Smith, District Attorney for District 16, alleges drug charges were filed against plaintiff and a forfeiture action was initiated regarding the money that is the subject of this complaint. Smith asserts, among other things, that he possesses absolute prosecutorial immunity from any claim asserted against him.

    A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The court finds plaintiff's complaint has

not set forth factual allegations against Defendant Smith that provide grounds of entitlement to relief, and Smith's motion to dismiss should be granted for plaintiff's failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

With respect to the other defendant, LeFlore County, the record shows this defendant has been served, but has not responded to the lawsuit. Nonetheless, the court finds dismissal of this action is proper, because federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

Here, the court finds it must abstain, because of the ongoing prosecution of plaintiff in the state courts. If plaintiff's criminal prosecution has concluded since the filing of this action, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

To the extent plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

2

such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 477 at 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because plaintiff has not presented evidence that his conviction has been so invalidated, the court finds his claim for damages is not cognizable under § 1983. Therefore, for the reasons set forth above, Defendant LeFlore County should be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Defendant Smith's motion to dismiss (Docket No. 13) is GRANTED, and Defendant Smith is DISMISSED WITH PREJUDICE from this action pursuant to Fed. R. Civ. P 12(b)(6). This dismissal of Defendant Smith shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g). Defendant LeFlore County is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED** this 9th day of September 2013.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**